Benjamin Brenner, J.
Motion for an order to show cause why the above-named corporation should not be dissolved.
Petitioner alleges that he is a director and owner of 50% of the outstanding stock of the Admiral Rubber Corporation, hereinafter referred to as “Admiral”; that respondent owns the remaining 50%; that petitioner, respondent and their wives comprise the board of directors; that irreconcilable disputes have arisen between the petitioner and his wife on one hand and respondent and respondent’s wife on the other, and that, as a result, the corporation ‘ ‘ is prevented from functioning under the supervision and control of the Board of Directors.” It is further alleged that because of this condition the corporation serves no useful purpose insofar as the interests of the stockholders are concerned and that immediate dissolution would benefit the stockholders.
The mere filing of a petition for dissolution showing compliance with section 103 of the General Corporation Law does not deprive the court of the power to examine into the application for the purpose of exercising the discretion given under and required to be exercised by section 106 of the General Corporation Law. If the court decides to entertain the application it still must appear that the dissolution will be beneficial to the stockholders and not injurious to the public. (General Corporation Law, § 117.)
*356 The petition in the instant case is wholly barren of any factual showing that the corporation is being mismanaged or that the corporate functions are stalemated by reason of the equal division of stockholders and directors. Ñor is there any claim that the corporation will become insolvent if permitted to continue to operate, and, on the contrary, petitioner concedes that the corporation is solvent.
The corporation has ceased to exist as a manufacturing corporation and now appears to be no more than a holding company. Petitioner has failed to show that it cannot function because of or despite the disputes between the parties, nor has any showing been made that petitioner was in active management of the corporation. What is most revealing is the fact that though the petitioner left the employ of Admiral the corporate objectives, assets, functions and creditors are not at all in jeopardy.
There is no absolute right to dissolution. It should be granted only when competing interests are so discordant as to prevent efficient management and the object of corporate existence unobtainable. The prime inquiry is, always, as to necessity for dissolution, that is, whether judicially-imposed death will be beneficial to the stockholders or members and not injurious to the public. (Matter of Radom & Neidorff, 307 N. Y. 1, 7; General Corporation Law, § 117.) Under the circumstances and in the exercise of discretion, the application is, in all respects, denied.
Submit order.